[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE: PLAINTIFF'S MOTION FOR JUDGMENT AFTER DEFAULTAND DEFENDANT'S OBJECTION (#162)
The first ground of Codenoll's objection asserts that it is a foreign corporation and, therefore, was not amenable to service of process under Connecticut's long-arm statute; further, that its minimum contacts with this state were insufficient to satisfy fundamental requirements of due process. This jurisdictional issue was previously raised on defendant's motion to dismiss (#104.50), which was denied by the court in the memorandum of decision (#109) filed January 21, 1993.[1]
CT Page 10803
The second ground of the filed objection is that the attachment of Codenoll's assets "was known to have a material financial impact on Codenoll's operations," and therefore, the Court's "failure to require Eastern to post a bond sufficient to compensate defendant for all damages" it might suffer before ordering a disclosure of assets "was constitutionally defective."[2] Since the Court denied defendant's application for prejudgment remedies on the counterclaim, neither the provision permitting dissolution of an attachment upon substitution of a bond (General Statutes Section 52-304, et seq.), nor the provision authorizing a stay of the prejudgment remedy order upon the posting of a bond (Section 52-278d(c)), would pertain in the circumstances of this case. Furthermore, the court file indicates that on February 15, 1994, Codenoll filed a motion requesting that Eastern be ordered "to post a bond, with surety . . . to reasonably protect [Codenoll's] interest in any property subsequently affected by any prejudgment remedy."[3] It does not appear that such motion was ever claimed, or otherwise pursued, by defendant either before or after the Court's order for disclosure of assets (4/26/94) and the entry of the default (5/20/94). Additionally, that motion (requesting that the attaching plaintiff post a surety bond) had been filed, and was pending, at the time the Court denied Codenoll's motion for reconsideration of the 1/31/94 decision granting Eastern's application for a PJR, and denying Codenoll's PJR request on its counterclaim.[4]
The final ground set forth in Codenoll's objection pertains to the statutory basis on which the Court granted Eastern's application for the PJR. The claimed defect was not raised in Codenoll's filed motion for reconsideration (#153). The Court's detailed memorandum of decision (#152) on the cross-motions for prejudgment remedies indicates that upon afull evidentiary hearing, it was concluded that "Eastern [had] established probable cause to support its motion," and accordingly, it was "[ordered] that a prejudgment remedy . . . issue in favor of Eastern against Codenoll. . . ." General Statutes Section 52-278d. As plaintiff contends, any claim relating to the evidential or legal basis for the granting of the PJR (or the denial of Codenoll's requested PJR) would have been appropriately raised before the court which conducted the evidentiary hearing on the cross-motions (by a request for reconsideration, etc.), and not on the present motion for judgment after default. CT Page 10804
The order for disclosure of assets was entered under Prac. Bk. Section 230A; pursuant to Prac. Bk. Section 231(a), the default was entered for failure to comply with the order (5/20/94). Plaintiff has moved for judgment on the complaint following default. Upon a review of the affidavits and documentation submitted in support of the motion it does not appear that plaintiff's damages are clearly and entirely liquidated.[5] Accordingly, defendant's objection to the present motion is overruled, the motion is granted on the complaint, but the matter is referred to the Clerk for assignment on the hearing in damages list.
Mulcahy, J.